**Harbans KAUR Petitioner,**

v.

**Alberto R. GONZALES,[1] Attorney General of the United States Respondent.**

**No. 03–40419–AG NAC.**

United States Court of Appeals, Second Circuit.

Dec. 22, 2005.

Roland M. Gell, Gell & Gell, New York, New York, for Petitioner.

Terrell L. Harris, United States Attorney for the Western District of Tennessee, Joe A. Dycus, Assistant United States Attorney, Memphis, Tennessee, for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. RICHARD C. WESLEY, and Hon. PETER W. HALL, Circuit Judges.

SUMMARY ORDER

Harbans Kaur petitions for review of the June 17, 2003 decision of the Board of Immigration Appeals ("BIA") summarily affirming an Immigration Judge's ("IJ's") final order of removal. We assume the parties' familiarity with the facts and procedural history of this case.

Where, as here, the BIA summarily affirms the IJ, we review the IJ's decision as

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

the final agency determination. *See, e.g., Twum v. INS*, 411 F.3d 54, 58 (2d Cir. 2005). The IJ pretermitted Kaur's asylum application because it was not filed within one year of her arrival in the United States. Although Kaur argues that she should have been granted asylum, she does not challenge the one-year bar determination in her brief to this Court; and therefore waives any such challenge. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 542 n. 1, 546 n. 7 (2d Cir.2005). Since that determination is dispositive to the asylum denial we have no basis to disturb the IJ's decision in this regard.

The IJ found that even if Kaur's testimony was true, she did not demonstrate in her testimony that it is more likely than not that her life or freedom would be threatened in India because of her race, religion, nationality, membership in a particular social group, or political opinion. *See* 8 C.F.R. § 208.16(b)(1); *See Ramsameachire*, 357 F.3d at 178. In fact, Kaur failed to mention in both her asylum application and her in testimony which of the five categories she was persecuted "on account of" in India. Furthermore, while some of Kaur's background reports and affidavits may support her claim, this evidence certainly did not compel us to conclude that Kaur is more likely than not to be persecuted. Finally, we do not find the IJ's development of the record to be lacking in this case.

For the foregoing reasons, the petition for review is DENIED.. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).